OPINION
Appellant Paul Bunting appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of his children Paul Bunting, Jr. (DOB: 7/14/94) and Selena Martin (DOB: 1/26/96) to the Stark County Department of Human Services:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT LACKED JURISDICTION TO AWARD PERMANENT CUSTODY OF PAUL BUNTING, JR. AND SELENA MARTIN TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES DUE TO THE FACT THAT APPELLANT PAUL BUNTING DID NOT RECEIVE PROPER NOTICE OF THE INITIAL ADJUDICATION HEARING IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR A CONTINUANCE, UNTIL FUNDING COULD BE PROVIDED FOR THE APPELLANT TO COMPLETE GOODWILL PARENTING CLASSES.
 III. THE APPELLATE COURT MUST REVERSE AND REMAND THE TRIAL COURT'S ORDER GRANTING PERMANENT CUSTODY OF THE CHILDREN TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES BASED ON THE FACT THAT THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 IV. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant is the natural father of Paul, Jr., and Selena. Ramona Martin is the natural mother of the children. Appellant and Ramona were never married.
On September 30, 1996, appellee filed a complaint seeking temporary custody of the children. The complaint was based on allegations of alcohol and drug abuse, malnutrition, selling food and baby formula for drugs, domestic violence, and lack of care of the children. The children were placed in the temporary custody of appellee on September 30.
The children were adjudicated neglected on November 20, 1996. Appellee set up a case plan for reunification of the children with their parents. According to his case plan, appellant was to attend Goodwill parenting classes, attend Melymbrosia to address concerns of domestic violence, obtain evaluations from Quest and drop random urine specimens, acquire and maintain independent housing, and seek employment.
Appellant failed to complete Goodwill parenting and his Quest evaluations. Appellant did attend and complete the four in-site programs for alcohol abuse. However, a chemical dependency counselor at Quest determined that treatment was unsuccessful because appellant continued to use drugs. Although appellant did attend Melymbrosia, he was defensive, hostile, and took no responsibility for his actions concerning domestic violence with the children's mother. Appellant failed to regularly drop urine specimens and to actively seek employment. Out of four urine specimens which appellant did drop at Quest, two tested positive for cocaine, marijuana, or both drugs. Appellant failed to obtain independent housing, and resided with his mother for the past two years.
Appellant and Ramona had scheduled visitation with the children every two weeks, for two hours. However, there was no family interaction during these visits. In addition, out of approximately twenty-four scheduled visits, appellant failed to appear without explanation at five of these visits.
On June 5, 1997, appellee filed a motion seeking permanent custody of the children. Following trial in the Stark County Common Pleas Court, Juvenile Division, the motion for permanent custody was granted.
 I.
Appellant argues that the court lacked jurisdiction, as he did not receive proper notice of the initial adjudication hearing. Appellant argues that he was not properly served with the notice of the permanent custody hearing scheduled for October 24, 1996, in violation of R.C. 2151.414.
The record reflects that DHS was unable to locate appellant to notify him of the emergency shelter care hearing. Adjudication was set for October 24, 1996. The record does not reflect that appellant was served with notice of this hearing. However, contrary to appellant's argument, appellee had not filed for permanent custody at that time. Appellee did not move for permanent custody until June of 1997.
However, despite the inability to serve appellant with notice of the adjudicatory hearing on the motion for temporary custody, appellant appeared at the hearing, and requested that counsel be appointed. The court appointed counsel for appellant, and continued the hearing until November 20, 1996, to allow appellant time to prepare for the hearing. Appellant, therefore, did appear, and apparently received actual notice of the hearing. Appellant was given an opportunity to prepare for and defend against the allegations in the complaint. In addition, at the dispositional hearing, only temporary custody was awarded to DHS. A case plan was implemented, and appellant was given ample opportunity to attempt to regain custody of the children prior to the filing of appellee's motion for permanent custody, on June 5, 1997. Appellant was properly served by certified mail with the motion for permanent custody, and the record indicates that service was perfected.
As it is apparent from the record that appellant received actual notice of the adjudicatory hearing on the motion for temporary custody, the first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in denying his request for a continuance, so that funding could be obtained for appellant to attend Goodwill parenting classes.
The grant or denial of a motion to continue is in the sound discretion of the trial court. E.g., State vs. Unger (1981),61 Ohio St.2d 65.
Appellant was terminated from Goodwill parenting after missing eight classes. Appellant was terminated from parenting classes on April 16, 1997. There is nothing in the record to demonstrate when he attempted to re-enroll. However, the issue was not raised until the permanent custody trial began on September 25, 1997. The court did not err in overruling the motion to continue, as appellant had been given ample time to complete the requirements of the case plan concerning Goodwill parenting classes.
Further, appellant has not demonstrated prejudice. In addition to his failure to complete Goodwill parenting classes, he had not complied with treatment at Melymbrosia for anger management, and he had not addressed his drug and alcohol problems. His failure to complete parenting classes was just one of several reasons on which the court based its termination of parental rights.
The second Assignment of Error is overruled.
 III.
Appellant argues that counsel was ineffective for failing to raise the issues raised in Assignments of Error I. and II. above.
To demonstrate ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that the defendant was prejudiced by such performance. Stricklandvs. Washington (1984), 466 U.S. 668. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Id.
As discussed in Assignment of Error I. above, the court obtained jurisdiction over appellant. Appellant argues that if the case had been dismissed for want of jurisdiction, he would have had more time to complete the requirements of the case plan. However, appellant was given ample opportunity to complete his case plan, and simply failed to comply. Appellant has not demonstrated prejudice, as there is not a reasonable probability that the motion would have been granted.
Appellant argues that counsel was ineffective for failing to move to continue the case until the day of trial. Again, appellant has not demonstrated prejudice. Appellant was given an opportunity to complete Goodwill parenting, but missed eight classes and was terminated. In addition, the failure to complete Goodwill parenting classes was merely one aspect of the case plan which appellant had failed to complete. Appellant has not demonstrated that had a continuance been requested earlier, it would have been granted. The third Assignment of Error is overruled.
 IV.
Appellant argues that the judgment of the court is against the manifest weight of the evidence. Appellant argues that the evidence did not demonstrate that the children could not be placed with him in the foreseeable future.
There was abundant evidence that despite diligent efforts and reasonable case planning, appellant failed to remedy the problems which caused the children to be removed from the home. The evidence clearly established that appellant would not be able to assume care of the children in the foreseeable future.
The children were removed from the home because they had been left alone, appellant and Ramona were engaged in a violent relationship, and both appellant and Ramona were involved with drugs. A case plan was drawn up to address these issues. However, appellant failed to fully comply with any of the aspects of the case plan.
Appellant participated in an evaluation at Melymbrosia. He admitted to verbal and psychological abuse of Ramona, and he admitted to stalking her when she attempted to leave him. However, because he refused to take any responsibility for his actions, he was not referred to treatment. He was convicted of Domestic Violence in July of 1997. As a result of the Domestic Violence conviction, appellant was ordered back to Melymbrosia for treatment, but again failed to follow through with treatment. Appellant was evaluated at Quest, and diagnosed as suffering from alcohol abuse. Appellant was resistant to treatment, but did attend treatment. However, his treatment was unsuccessful, as he refused to abstain from drug usage throughout his treatment. In addition, he was unable to be honest concerning his alcohol and drug problem, and made no progress regarding his addiction. At discharge, his prognosis was poor. Appellant tested positive for cocaine and marijuana in January and February of 1997.
After eight absences from Goodwill parenting, appellant was terminated from the class. Although he claimed the absences were due to problems with transportation, he testified that he only missed three of the eight classes due to car problems. When he attended the class, appellant demonstrated anger management problems, and demonstrated an inability to care for his own needs and for the needs of the children.
There is abundant evidence that appellant made little attempt to address the problems which led the children to be removed from the home. The evidence abundantly supported the court's finding that the children could not be placed with him in the foreseeable future.
The fourth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed. Costs to appellant.